MADDOX, Justice.
The issue presented in this case is whether the trial court erred in failing to grant a new trial or a remittitur where the jury returned a general verdict of $125,000 against both Spirit Nissan, Inc. (hereinafter “Nissan”), and Barkley Pontiac-Cadillac-GMC Truck, Inc. (hereinafter “Barkley”), and in favor of the plaintiffs, Thomas J. Ogburn and Nora Ann Ogburn.
Only Nissan appeals. It contends (a) that the verdict bears no reasonable relationship to the harm that was likely to occur from Nissan’s conduct or to the harm that actually occurred, and (b) that the portion of the general verdict exceeding actual pecuniary losses greatly exceeds any amount that would be reasonable compensation for mental anguish or the amount necessary for punishment or deterrence, or any combination of the two.
The Ogburns are husband and wife. On their first visit to Nissan’s place of business, they spoke with two salesmen about purchasing an automobile. The Ogburns had previously discussed what equipment the car would need in order to make it easier for Mr. Ogburn, who had recently had open heart surgery, to drive. Mrs. Ogburn told the salesmen that she wanted the car equipped with power steering and certain other optional equipment. One of the salesmen, Dan Bassett, discussed the possibility of the Ogburns’ leasing a car and he obtained some credit information from the Ogburns.
Several days later, Bassett called the Og-burns and told them that he had a car equipped with all the options they wanted, and he suggested that they test drive the car. The Ogburns then made a second visit to Nissan. Mrs. Ogburn test drove the car for about one hour and was satisfied with its handling. According to Mrs. Ogburn’s testimony, after she returned the car Bas-sett again stated that the car had power steering. The Ogburns signed a lease for the car that day.
Bassett made the leasing arrangements through Barkley, a company unrelated to Nissan. Nissan sold the car to Barkley, and Barkley in turn leased it to the Og-burns. Bassett was paid a commission by Barkley for the transaction, but the lease was prepared by a Barkley employee. The lease stated that the car had power steering.
The car the Ogburns leased did not in fact have power steering. Mrs. Ogburn testified that although she had test driven the car, she did not realize it lacked power steering until after she had leased the car, when she had to turn around on a narrow road. Two days after that incident, Mrs. Ogburn called Bassett to tell him the car did not have power steering, and she tried to return the car to Nissan. However, Bassett refused to accept the car. Two *1250 later attempts to return the car to Bassett also failed.
Bassett testified that he had explained to the Ogburns that the car that Mrs. Ogburn test drove would be much less expensive than one with power steering. He testified that he believed that power steering would make very little difference in the handling of the car. He further testified that the Ogburns expressed satisfaction with the handling during the test drive and that they had decided to avoid the additional expense of power steering.
Over the next several months, the Og-burns contacted both Bassett and Barkley several times about the fact that the leased car did not have power steering. In August 1986, after having driven the car over 10,000 miles and having paid over $3,000 in lease payments, the Ogburns stopped making their lease payments. Then, to replace the leased car, they bought a Buick automobile equipped with power steering; the Buick cost $9,353.
The Ogburns sued Nissan and Barkley, seeking compensatory damages and punitive damages on various theories, including fraud, alleging that Nissan and Barkley had defrauded them in connection with the lease of the automobile by representing that it was equipped with power steering. The case was tried before a jury, which returned a general verdict against both defendants for $125,000.
Nissan and Barkley timely filed motions for judgment notwithstanding the verdict, for a new trial, or for a remittitur. Nissan’s motions for a new trial or remittitur alleged, among other things, that the verdict was excessive. The judge denied the motions and, in accordance with the requirements set out in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), issued an order setting out his reasons for denying them.
In that order, the trial judge wrote:
“The plaintiffs made it known to the agent of the defendants on more than one occasion that they wanted a car with power steering, among other options, and the reason for such options.
“The agent for the defendants represented to the plaintiffs on more than one occasion that the car the plaintiffs leased was equipped with power steering. The written lease contract signed by the plaintiffs stated that the car was equipped with power steering.
[[Image here]]
“After the plaintiffs discovered that the car they leased was not equipped with power steering, they returned the car the next day to the defendant, Spirit Nissan, Inc.
“Defendant Nissan would not correct the problem and put the responsibility to correct the problem on defendant Barkley Pontiac-Cadillac-GMC Truck, Inc.
“Defendant Barkley Pontiac-Cadillac-GMC Truck, Inc., was notified and put the responsibility to correct the problem on defendant Spirit Nissan, Inc.
“The plaintiffs went back and forth between defendants for approximately 18 months trying to get the defendants to make good their representations, during which time the plaintiffs continued to make their monthly lease payments.
[[Image here]]
“The Court finds that there was ample evidence upon which the jury could have found that the defendants defrauded the plaintiffs. A verdict for the plaintiffs was clearly justified by the evidence.
“The verdict returned by the jury was not excessive in relation to the culpability of the defendants’ conduct, the need to discourage others from similar wrongdoing, and the impact upon the two corporate defendants.”
This Court has noted that the trial judge is in a better position to decide whether a verdict or judgment is the product of passion or bias or is the product of fraud on the court. Hammond, 493 So.2d at 1378-79. In this case, the trial judge, having observed the entire trial, and acting in accordance with the procedure outlined in Hammond, entered an order denying Nissan’s and Barkley’s post-judgment motions for new trial and remittitur. When the trial judge refuses to grant a new trial because the judge does not believe that the *1251 verdict is excessive, there is a presumption that the jury’s verdict is correct. Aetna Life Ins. Co. v. Lavoie, 470 So.2d 1060 (Ala.1984), vacated and remanded, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (on the ground that this Court should have granted Aetna’s motion to recuse because Justice Embry was disqualified to participate in the decision).
Our review of the record convinces us that there is sufficient evidence in the record, if believed by the jury, to support a finding that the defendants misrepresented to the Ogburns that the automobile the Ogburns leased had power steering. The testimony reveals that the Ogburns specifically requested this option; there was evidence that they were told that the car had power steering, and, further, the lease stated that the car had power steering. Although the testimony presented by the defendants conflicted with that presented by the Ogburns, the jury resolved the conflict in favor of the Ogburns.
Even after the defendants were advised that the automobile was not equipped as the Ogburns had requested and as the lease stated, they nevertheless persisted in requiring the Ogburns to make their monthly lease payments. The trial judge found that this amounted to a refusal by the defendants to make an offer of compromise.
Each of the judge’s findings is supported by substantial evidence. We have examined the record and the briefs of both parties and find sufficient evidence of intentional misrepresentation on the part of the defendants in this case to support the jury verdict of $125,000. Because there was evidence from which the jury could have reasonably concluded that Nissan and Barkley leased the Ogburns an automobile substantially different from the one they had requested, that they did so with knowledge of the disparity and that they intentionally represented to the Ogburns that the automobile was equipped as they had requested, we find that the award was not excessive.
Finding no error, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.